1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2024

SEAN F. McAVOY, CLERK

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| ARELIS VARGAS-RUIZ and ROBERTO MARTINEZ GONZALEZ, | No.  2:23-CV-00130-MKD |
| Plaintiffs, | ORDER GRANTING MOTIONS TO DISMISS |
| v. | |
| LOREN K. MILLER, ALEJANDRO MAYORKAS, UR MENDOZA JADDOU, ANTONY J. BLINKEN, PHILLIP SLATTERY, RICHARD C. VISEK, WENDY R. SHERMAN, RENA BITTER, KEN SALAZAR, ERIC COHAN, and KENT MAY, | **ECF Nos. 5, 18** |
| Defendants. | |

8

9

10

11

12

13

14

15

16      Before the Court are Defendants' Motion to Dismiss or Alternatively for

17   Summary Judgment, ECF No. 5, and the Stipulated Motion to Dismiss Defendants

18   Loren K. Miller and Alejandro Mayorkas, ECF No. 18.  The Court has reviewed

19   the record and is fully informed.  The Court finds oral argument is not warranted.

20   *See* LCivR 7(i)(3)(B)(iii).  For the reasons set forth below, the Court grants

ORDER GRANTING MOTIONS TO DISMISS - 1

1    Defendants' Motion to Dismiss or Alternatively for Summary Judgment, ECF No.

2    5, and the Stipulated Motion to Dismiss Defendants Loren K. Miller and Alejandro

3    Mayorkas, ECF No. 18.

4                                    **BACKGROUND**

5        Plaintiffs Arelis Vargas-Ruiz (Plaintiff Vargas-Ruiz) and Plaintiff Roberto

6    Martinez Gonzalez (Plaintiff Gonzalez) are spouses.  ECF No. 1 at 9.  Plaintiff

7    Vargas-Ruiz is seeking lawful permanent residency for Plaintiff Gonzalez.  *Id.*

8    This action arises out of delays that have occurred in that process.

9        On November 5, 2014, Plaintiff Vargas-Ruiz filed a Petition for Alien

10   Relative (Form I-130) on Plaintiff Gonzalez's behalf.  ECF No. 1-1.  The petition

11   was approved on June 2, 2015.[1]  *Id.*  On October 20, 2017, Plaintiff Gonzalez filed

12   a Provisional Unlawful Presence Waiver (Form I-601A).  ECF No. 1 at 9; ECF No.

13   1-1 at 5.  The application was approved on January 25, 2018.  *Id.*

14       On November 14, 2018, Plaintiffs submitted an Online Immigrant Visa and

15   Alien Registration Application (DS-260).  ECF No. 6 at 4.  The same day, the

16   National Visa Center (NVC) advised Plaintiffs that documents were missing from

17   the Form.  *Id.* at 4.  On November 20, 2019, NVC inquired whether Plaintiff

18   _____

19   [1] Defendants state the petition was approved May 28, 2015.  ECF No. 6 at 3.  The

20   Court refers to the Notice date as the approval date.  ECF No. 1-1 at 4.

ORDER GRANTING MOTIONS TO DISMISS - 2

1   Gonzalez was interested in further pursuing his application. *Id*. On July 23, 2022,

2   Plaintiffs' attorney sent an email to NVC advising NVC of problems with making

3   the fee payment online. *Id.* at 5. On August 26, 2022, NVC emailed Plaintiffs

4   advising them the technical issue preventing payment had been resolved. *Id*.

5         On January 24, 2023, Plaintiffs submitted all necessary filing fees and

6   paperwork to NVC. ECF No. 5 at 18; ECF No. 6 at 5; *see also* ECF No. 17 at 3.

7   On May 1, 2023, 97 days later, Plaintiffs filed this Complaint. ECF No. 1.

8         On July 10, 2023, Defendants filed a Motion to Dismiss arguing that the

9   Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim for

10   which relief can be granted. ECF No. 5.

11                              **LEGAL STANDARD**

12         "A [Fed. R. Civ. P. 12(b)(1)] jurisdictional attack may be facial or factual."

13   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial

14   attack, the challenger asserts that the allegations contained in a complaint are

15   insufficient on their face to invoke federal jurisdiction." *Id*. The reviewing court

16   is to accept the allegations as true and draw all reasonable inferences in the

17   plaintiff's favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). For a

18   factual attack, the movant challenges the veracity of the allegations. *Safe Air for*

19   *Everyone*, 373 F.3d at 1039. "[T]he district court may review evidence beyond

20   the complaint without converting the motion to dismiss into a motion for

ORDER GRANTING MOTIONS TO DISMISS - 3

summary judgment." *Id.* The reviewing court is not required to accept the

allegations as true. *Id.*

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the

Court must accept as true the well-pleaded factual allegations and any reasonable

inference to be drawn from them, but legal conclusions are not entitled to the same

assumption of truth. *Id.* A complaint must contain either direct or inferential

allegations respecting all the material elements necessary to sustain recovery under

some viable legal theory. *Twombly,* 550 U.S. at 562. "Factual allegations must be

enough to raise a right to relief above the speculative level." *Id.* at 555.

## DISCUSSION

### A. Stipulated Motion to Dismiss

The parties have stipulated that all claims against Defendants Loren K.

Miller and Alejandro Mayorkas should be dismissed without prejudice. A plaintiff

may dismiss an action without court order by filing a stipulation of dismissal

ORDER GRANTING MOTIONS TO DISMISS - 4

1  signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  The

2  Stipulated Motion to Dismiss is therefore granted.

3  **B. Standing**

4  Defendants contend Plaintiffs lack standing.  ECF No. 5 at 7-9.  Plaintiffs

5  have the burden of establishing Article III standing.  *Spokeo, Inc. v. Robins*, 578

6  U.S. 330, 338 (2016).  To satisfy that burden, the plaintiff must show they have

7  "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct

8  of the defendant, and (3) that is likely to be redressed by a favorable judicial

9  decision." *Id.* (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992)).  An

10  injury in fact is an injury that is concrete and particularized.  *Summers v. Earth

11  Island Inst.*, 555 U.S. 488, 494 (2009).  Defendants raise a factual attack,

12  challenging the veracity of Plaintiffs' allegations; thus, the Court is not required to

13  accept Plaintiffs' allegations as true and the Court may look to evidence outside of

14  the Complaint, without converting the motion to a motion for summary judgment.

15  *See Safe Air for Everyone*, 373 F.3d at 1039.

16  Plaintiffs have not demonstrated an injury in fact at the time Plaintiffs

17  initiated the lawsuit.  Standing is measured at the time a complaint is filed.  *See,

18  e.g.*, *San Luis & Delta-Mendota Water Auth. v. Dep't of Interior*, 905 F. Supp. 2d

19  1158, 1169 (E.D. Cal. 2012) (citing *Lujan*, 504 U.S. at 569 n.4); *Fathers &

20  Daughters Nevada, LLC v. Lingfu Zhang*, 284 F. Supp. 3d 1160, 1171 (D. Or.

ORDER GRANTING MOTIONS TO DISMISS - 5

1   2018) (citing *Lujan*, 504 U.S. at 569 n.4).  An injury in fact must be actual or

2   imminent, not conjectural or hypothetical.  *Lujan,* 504 U.S. at 560.

3          *1.  Injury Due to Delay*

4          First, Plaintiffs contend they have been injured because they waited 94

5   months for Plaintiff's DS-260 application to be scheduled and adjudicated.  ECF

6   No. 1 at 10-11.  Plaintiffs assert the application should have been processed within

7   180 days from the initial filing.  *Id.*  However, Defendants challenge the veracity of

8   this allegation and contend Plaintiffs had only waited 97 days, not 94 months, prior

9   to the filing of the Complaint.  ECF No. 5 at 15-17.  Plaintiffs' Form I-130 was

10  approved on May 28, 2015, but Plaintiffs' visa application was not documentarily

11  complete until January 24, 2023.  ECF No. 5 at 17-18; ECF No. 6 at 4-5.  Thus,

12  Plaintiffs' application was not complete until 97 days prior to the filing of the

13  lawsuit.

14         Plaintiffs concede there was not a 94-month delay but contend instead there

15  is a 188-day delay as of the date Plaintiffs filed the Response.  ECF No. 17 at 3.

16  Plaintiffs maintain that this delay is unreasonable based on the 180-day standard

17  set forth in 8 U.S.C. § 1571(b).  *Id.* at 9.  However, Plaintiffs have failed to allege

18  an actual or imminent injury at the time of the Complaint.  The crux of Plaintiff's

19  Complaint was the allegation that a 94-month delay was their injury.  ECF No. 1 at

20  3, 9, 11.  Defendants have presented evidence that Plaintiffs' allegation was

ORDER GRANTING MOTIONS TO DISMISS - 6

1  factually inaccurate, and Plaintiffs have conceded that fact.  When the Complaint

2  was filed, Plaintiffs' visa could still have been adjudicated prior to the 180-day

3  standard.  Thus, Plaintiffs have not alleged an actual or imminent injury at the time

4  of the Complaint.  Further, the injury due to the delay is a purely procedural harm,

5  as discussed further *infra*.

6        *2.  Injury Due to Family Separation or Other Harm*

7        Second, Plaintiffs have not demonstrated an injury that is concrete and

8  particularized.  *See Summers*, 555 U.S. at 493.  Plaintiffs contend the delay in

9  scheduling and adjudicating the visa application has caused "Plaintiffs ongoing and

10  substantial injuries personally and emotionally due to the family separation

11  between them and the cost of maintaining households in the U.S. and Mexico."

12  ECF No. 1 at 11.  Defendants challenge the veracity of this allegation.  ECF No. 5

13  at 8.  Plaintiffs state they currently live together in Ephrata, Washington and do not

14  allege what family they are separated from.  ECF No. 1 at 5, 11.  Plaintiffs'

15  response does not present any facts to support their contention that they are

16  separated from family.  ECF No. 17 at 7.  Thus, the only family members Plaintiffs

17  discuss are Plaintiff Vargas-Ruiz and Plaintiff Gonzalez, who reside together.

18  Plaintiffs' contention that they are separated from family is not supported by any

19  factual allegation in the complaint or any factual basis in the briefing.

20

ORDER GRANTING MOTIONS TO DISMISS - 7

1    Plaintiff Gonzalez states that he "must continue to live his life stuck in limbo

2  status" and the delay has caused him "serious harm."  ECF No. 17 at 5.  He

3  contends that if his immigrant visa interview were scheduled and his application

4  were adjudicated, he would become a legal permanent resident or he would know

5  he must take a different path to obtain lawful status.  *Id.* at 6.  He argues that the

6  delay has prevented him from trying to obtain lawful status.  *Id.*  Plaintiffs contend

7  that their "serious hardship" gives them standing to bring the claim.  *Id.* at 7.

8  However, Plaintiffs do not present any facts to support the contention they have

9  experienced any specific serious hardship.  Thus, Plaintiffs have not demonstrated

10  a concrete and particularized harm due to family separation or any other alleged

11  harm.

12     *3.  Procedural Injury*

13     Next, Plaintiffs' contentions amount to only a procedural violation.

14  Plaintiffs first contended their injury was a 94-month delay, and they now contend

15  the delay of longer than 180 days is their injury.  ECF Nos. 1, 17.  Article III

16  standing requires that the plaintiffs have suffered some harm that actually exists in

17  the world, not an abstract or merely procedural harm.  *Robins v. Spokeo, Inc.*, 867

18  F.3d 1108, 1112 (9th Cir. 2017).

19     As discussed *supra,* Plaintiffs do not allege that the procedural delay has

20  caused Plaintiffs any specific harm.  For example, in *Filazapovich,* the plaintiffs

ORDER GRANTING MOTIONS TO DISMISS - 8

1    had standing when the cessation and deprioritizing of DV-2021 visa adjudications

2    put the plaintiffs at an increased risk of losing their procedural right to have their

3    applications adjudicated that year. *Filazapovich v. Dep't of State*, 560 F. Supp. 3d

4    203, 226-27 (D.D.C. 2021).  The plaintiffs demonstrated that even with the delays

5    caused by the pandemic, they would have been substantially likely to receive their

6    visas that year but for the defendants' allegedly unlawful actions.  *Id.*  In *Ortiz,* the

7    plaintiffs had standing when a family faced immediate, irreparable harm due to the

8    prospect of losing the chance to immigrate together, because the failure to expedite

9    the process within six months would cause plaintiff's son to be too old to be a

10    beneficiary to plaintiff's petition.  *Ortiz v. Dep't of State,* No. 1:22-CV-00508-

11    AKB, 2023 WL 4407569, at *3 (D. Idaho July 7, 2023).  In *Jacob,* the plaintiff had

12    standing when plaintiff's visa category was more adversely impacted, causing a

13    bigger backlog and delay for their category of visas, which the Court found was a

14    cognizable injury.  *Jacob v. Biden*, 542 F. Supp. 3d 938, 951 (N.D. Cal. 2021).  In

15    a case where the plaintiff was separated from his family, and he then required

16    treatment for depression, the plaintiff had standing.  *R. v. USCIS*, No.

17    223CV05460DDPASX, 2023 WL 9197564, at *1 (C.D. Cal. Dec. 6, 2023).

18         Here, Plaintiffs do not contend that their category of visa was more

19    adversely impacted, nor do they point to any concrete injury regarding the alleged

20    injury due to the delay.  While Plaintiffs generally state they are separated from

ORDER GRANTING MOTIONS TO DISMISS - 9

1  family, they do not offer factual allegations to support the theory and do not

2  contend any specific family members are impacted by the delay.  As such,

3  Plaintiffs' allegation that the delay has exceeded 180 days and the delay has

4  generally harmed them is insufficient—Plaintiffs have failed to demonstrate a real,

5  as opposed to a purely legal alleged harm.  Plaintiffs thus have not met their

6  burden in demonstrating they have standing.  Defendants' Motion to Dismiss is

7  therefore granted.

8    **C. Failure to State a Claim and Plaintiffs' Delay**

9        Defendants contend Plaintiffs have failed to state a claim and contend

10  Plaintiffs' delay was due to their own inaction.  ECF No. 5 at 9-21.  As the Court

11  dismisses the case for the reasons discussed *supra,* the Court declines to reach the

12  remaining issues.

13        Accordingly, **IT IS HEREBY ORDERED:**

14        1. Defendants' Motion to Dismiss, **ECF No. 5**, is **GRANTED.**

15        2. The Stipulated Motion to Dismiss Defendants Loren K. Miller and

16  Alejandro Mayorkas, **ECF No. 18**, is **GRANTED.**

17        3. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice.

18

19

20

ORDER GRANTING MOTIONS TO DISMISS - 10

1    The District Court Executive is directed to file this Order, enter judgment

2    accordingly, provide copies to counsel, and **CLOSE THE FILE.**

3    DATED March 15, 2024.

4

5                              _s/Mary K. Dimke_
                              MARY K. DIMKE
6                    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING MOTIONS TO DISMISS - 11